# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THE GALLEY, LLC, et al.,

    Plaintiffs,

v.

PARUL SAXENA, et al.,

    Defendants.

Case No. 3:20-cv-00148-LRH-CLB

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE[1]**

On March 5, 2020, Plaintiffs The Galley, LLC ("the LLC") and Mylin Rosales ("Rosales") (collectively referred to as "Plaintiffs") filed a complaint for breach of contract, breach of implied covenant of good faith and fair dealing, breach of fiduciary duty, fraud/intentional misrepresentation, and civil conspiracy against Defendants Parul Saxena ("Saxena"), Amrinder Singh ("Singh"), Sabina Pal ("Pal"), and Komal Patel ("Patel") (collectively referred to as "Defendants"). (*See* ECF No. 1.)  The Complaint asserts the court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), as the matter in controversy exceeds $75,000 and is between citizens of different states. (*Id.* at 2-3.)  Plaintiffs assert they are residents of the State of Nevada and Defendants are residents of the State of California. (*Id.*)

On June 5, 2020, this court entered an order setting a Case Management Conference and directing the parties to file a joint case management report ("JCMR") by no later than June 12, 2020. (ECF No. 19.)  The JCMR stated subject matter jurisdiction in this case was based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (ECF No. 20 at 6.)  However, upon the court's review of the JCMR (ECF No. 20), the

---

[1] This Report and Recommendation is made to the Honorable Larry R. Hicks, United States District Judge.  The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice IB 1-4.

Complaint (ECF No. 1), and the exhibits attached to the Complaint (ECF No. 1-10), it appeared to the court, that it lacked subject matter jurisdiction because there is not diversity of citizenship between the parties.

Thus, on June 16, 2020, the court entered an Order to Show Cause (ECF No. 21) directing Plaintiff to show cause why this court should not recommend to the District Court dismissal of this case, without prejudice, to allow Plaintiffs to file this action in the proper forum. On June 29, 2020, Plaintiffs filed their response to the Order to Show Cause stating Defendant Saxena was expelled as a member of Plaintiff the LLC following a Special Meeting held on June 29, 2020 (*See* ECF No. 22-1), thus complete diversity exists between the parties. (ECF No. 22.)

## I.  DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). "If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is questionable, the court must raise the issue *sua sponte*. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject matter delineations must be policed by the courts on their own initiative even at the highest level.").

Here, subject matter jurisdiction is predicated solely on the alleged complete diversity of the parties and the amount in controversy exceeding $75,000. (*See* ECF No. 1 at ¶ 7; ECF No. 20 at 6). One of the named plaintiffs is the LLC (ECF No. 1 at ¶ 1). The Complaint alleges that the LLC is a citizen of the State of Nevada, however, it fails to properly provide information about each of the LLC's owners/members or their states of citizenship. Rather, attached to the Complaint at Exhibit 5 is a copy of the LLC's operating agreement. (ECF No. 1-10). The operating agreement expressly states the members of the LLC are: (1) Rosales, a Nevada resident; and, (2) Saxena, a California resident. (ECF No. 1-10 at 2).

Pursuant the Ninth Circuit law, an LLC is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Therefore, pursuant to Ninth Circuit law, the LLC, one of the named plaintiffs, is a citizen of both California and Nevada. However, all named defendants are also alleged to be residents and citizens of California. (*See* ECF No. 1 at ¶¶ 3-6).

In their response to the Order to Show Cause, Plaintiffs do not contest that complete diversity of citizenship is lacking in this case. Instead, on June 29, 2020, Plaintiffs attempted to cure this jurisdictional defect by expelling Saxena as a member of the LLC, and assert complete diversity now exists. (*See* ECF No. 22.) However, for diversity purposes, citizenship is determined *at the time of filing*. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 572 (2004) (emphasis added) (discussing the so-called "time-of-filing" rule); *In re Digmarc Corp. Derivative Litig.*, 549 F.3d 1223, 1236 (9th Cir. 2008). As the Supreme Court noted, "[t]his time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure." *Grupo*, 541 U.S. at 570-71. Thus, Plaintiffs attempt to cure this jurisdictional defect by removing Saxena from the LLC is unavailing. At the time this lawsuit was commenced, the LLC was a citizen of both California and Nevada and Defendants were all citizens of California. As such, at the time of filing, there was not complete diversity of citizenship between the parties. Accordingly, this court recommends that this case be dismissed, without prejudice, for lack of subject matter jurisdiction.

## II.   CONCLUSION

Based on the foregoing, the court recommends that this case be dismissed, without prejudice, for lack of subject matter jurisdiction and that the pending motions (ECF Nos. 12, 17) be denied as moot. The parties are advised:

1.   Pursuant to 28 U.S.C § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this report and recommendation within fourteen days of receipt. These objections should be entitled

"Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This report and recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

### III. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that this case be dismissed, without prejudice, for lack of subject matter jurisdiction;

**IT IS FURTHER RECOMMENDED** that the pending motions (ECF Nos. 12, 17) be **DENIED** as moot; and,

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** accordingly.

**DATED**: June 30, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**